**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FOREMOST GROUPS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRIMARK USA, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. _____ <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Foremost Groups, Inc. ("Foremost"), by and through its undersigned counsel, for its complaint against Defendant TriMark USA, LLC ("TriMark"), alleges as follows:

**THE PARTIES**

1. Foremost is a corporation incorporated in and existing under the laws of the State of New Jersey and maintains an address at 906 Murray Road, East Hanover, New Jersey 07936.

2. Upon information and belief, TriMark is a Delaware limited liability company and maintains its principal place of business at 505 Collins Street, South Attleboro, Massachusetts 02703, and maintains a registered agent for service of process in Delaware, namely The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 19801.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction in this action pursuant to 15 U.S.C. § 1121(a) (action arising under the Lanham Act), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(b) (action asserting a state law claim of unfair competition joined with a substantial and related federal claim under trademark law) and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

4. This Court also has jurisdiction based upon 28 U.S.C. § 1332 (diversity). The amount in controversy in this dispute is in excess of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over TriMark because it is a Delaware limited liability company.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because TriMark resides in this district by virtue of being a Delaware limited liability company.

## FACTUAL ALLEGATIONS

7. This dispute concerns trademark infringement, unfair competition and false designation of origin, trademark dilution under Delaware law, and other wrongful acts regarding Foremost and Foremost's line of food service equipment—CORE PRO COOKING.

8. Foremost is a leader in the manufacturing of well designed, high-quality products. Since its founding in 1988, Foremost has developed four product divisions (Kitchen & Bath Division, Home Division, Food Service Equipment Division and Manufacturing) that produce world-class goods that offer superior design, engineering and value for consumers and industry.

## CORE PRO COOKING Trademark Registration

9. Foremost is the owner of United States Trademark Registration No. 5438836 for the mark "CORE PRO COOKING." The CORE PRO COOKING mark was originally registered on April 3, 2018. A copy of the registration is attached hereto as Exhibit 1. The CORE PRO COOKING registration recites an application date of May 3, 2016 and a first use date of December 4, 2017.

10. The CORE PRO COOKING mark was registered for use in connection with the following goods:

- Household and kitchen machines and equipment, namely, heating and cooking appliances in the nature of convection ovens, baking ovens, electric and gas ovens,

electric and gas ranges for cooking, baking, frying, grilling, toasting, thawing, and warming; domestic cooking ovens, electric and gas ranges, apparatus for cooking, namely, cooktops; warming drawers for kitchens; Apparatus for heating and cooking, namely, electric and gas-powered cooking stoves; cooking appliances, namely, cooking ovens, microwave ovens, electric and gas-powered griddles, electric and gas grills, electric cookware, namely, electric and gas broilers; electric food warmers; Cooking appliance, namely, electric warming pans for food; domestic gas and electric cooking appliances, namely, ranges; cooktops, wall ovens, microwave ovens, grills and warming ovens.

11. In addition to the CORE PRO COOKING registered word mark, Foremost uses the following logo in connection with its products:



The logo includes both the CORE PRO COOKING word mark and a stylized flame. Foremost has the rights to the name CORE PRO COOKING both through its current trademark registration as well as its common law rights and broader use of the mark in connection with food service equipment.

12. Continuously since on or about December 4, 2017, Foremost has used the CORE PRO COOKING mark to identify certain of its goods and to distinguish them from those made and sold by others, by, among other things, prominently displaying the CORE PRO COOKING mark on the goods and displays associated therewith. In addition, Foremost has prominently displayed said mark in various advertising and promotional modalities, including through industry trade shows and distribution channels throughout the United States.

**TriMark Trademark Applications**

13. TriMark is currently pursuing two trademark applications, as follows: (a) PROCORE, serial number 87475212 (the "212 Application"; and (b) PROCORE

EQUIPMENT, serial number 87853699 (the "699 Application") (collectively, the "PROCORE Applications"). A copy of the 212 Application, filed on June 5, 2017, is attached hereto as <u>Exhibit 2</u>. A copy of the 699 Application, filed on March 28, 2018, is attached hereto as <u>Exhibit 3</u>.

14. As specified in the PROCORE Applications, the PROCORE Applications were filed for use in connection with the following goods and services:

    a. The 212 Application:

- Maintenance and repair services in the field of industrial and commercial food service equipment and supplies, namely, refrigerators, freezers, ranges, fryers, burners, hotplates, mixers, slicers and warmers, specifically excluding domestic, household products.

- Food service equipment and supplies, namely, refrigerators, freezers, ranges, fryers, burners, hotplates, mixers, slicers and warmers, all for industrial and commercial purposes and specifically excluding domestic, household products. It also covers the following services: Maintenance and repair services in the field of industrial and commercial food service equipment and supplies, namely, refrigerators, freezers, ranges, fryers, burners, hotplates, mixers, slicers and warmers, specifically excluding domestic, household products.

- Food service equipment and supplies, namely, refrigerators, freezers, ranges, fryers, burners, hotplates, mixers, slicers and warmers, all for industrial and commercial purposes and specifically excluding domestic, household products; maintenance and repair services in the field of industrial and commercial food service equipment and supplies, namely, refrigerators, freezers, ranges, fryers, burners, hotplates, mixers, slicers and warmers, specifically excluding domestic, household products.

    b. The 699 Application:

- Food service equipment and supplies, namely, refrigerators, freezers, ranges, fryers, burners, hotplates, mixers, slicers and warmers, all for industrial and commercial purposes and specifically excluding domestic, household products; maintenance and repair services in the field of industrial and commercial food service equipment and supplies, namely, refrigerators, freezers, ranges, fryers, burners, hotplates, mixers, slicers and warmers, specifically excluding domestic, household products.

15. TriMark uses the following logo for the PROCORE mark:



16. On November 27, 2017, action on the 212 Application was suspended pending the disposition of Foremost's application for the CORE PRO COOKING mark. Following the registration of Foremost's CORE PRO COOKING mark, the United States Patent and Trademark Office ("USPTO") issued a letter dated May 15, 2018 withdrawing the suspension and refusing registration of PROCORE (the "May 15 Letter"). A copy of the May 15 Letter is attached hereto as Exhibit 4.

17. As set forth in the May 15 Letter, the USPTO denied registration of PROCORE because of a likelihood of confusion with CORE PRO COOKING. The USPTO found that the marks are similar in that both marks feature the terms "PRO" and "CORE." The USPTO also correctly noted that "the marks are merely transpositions of one another which create similar commercial impressions." Further, recognizing that the goods covered by Foremost's mark and TriMark's applied-for mark are essentially identical, USPTO found that Foremost's and TriMark's goods are related for likelihood of confusion purposes.

18. The 699 Application has not been acted upon yet. However, since the only difference between the 212 Application and the 699 Application is the addition of the descriptive or generic term "Equipment," it is highly probable that the USPTO will issue a similar refusal, as it should.

**Evidence of Confusion**

19. TriMark is engaged in advertising activities using the applied-for PROCORE mark for products that are directly pertinent to this action. TriMark's "Culinary Essentials" catalog for 2018 prominently features the applied-for mark on various kitchen appliances, and TriMark is

running an advertisement in the current issue of *Foodservice Equipment and Supplies* containing the applied-for mark for kitchen appliances. As a result, Foremost has received e-mails from its distributors asking whether it was aware of or associated with PROCORE. That is the very essence of confusion.

**Status of Dispute**

20. Foremost only recently became aware that TriMark adopted and began using the PROCORE and PROCORE Equipment marks in connection with food service equipment.

21. On February 6, 2018, counsel for TriMark reached out to counsel for Foremost by way of email (the "February 6 Email"). In the February 6 Email, TriMark's counsel informed Foremost of the existence of the PROCORE mark and its filing of the 212 Application. TriMark's counsel also represented that the USPTO had refused the 212 Application based on the prior registration for "CORE" in connection with "commercial exhaust hoods for kitchens" and Foremost's CORE PRO COOKING mark. Counsel for TriMark proposed that TriMark and Foremost enter into a coexistence agreement which TriMark could then submit to the USPTO in an effort to "overcome the refusal prior to appeal."

22. On April 25, 2018, counsel for Foremost informed counsel for TriMark that Foremost could not agree to a coexistence agreement. As counsel for Foremost explained, there is a high likelihood of confusion given that the marks are highly similar and the goods are identical. Counsel for Foremost demanded that TriMark abandon the PROCORE Applications and communicated that, should TriMark fail to do so, Foremost would oppose the PROCORE Applications.

23. On April 26, 2018, by way of counsel, TriMark asked Foremost to reconsider its position with respect to a coexistence agreement.

24. On May 9, 2018, Foremost reiterated that TriMark's adoption of the PROCORE and PROCORE EQUIPMENT marks will cause confusion in the market with respect to Foremost's CORE PRO COOKING mark. Counsel for Foremost requested that TriMark confirm that it will immediately abandon the PROCORE Applications and not introduce products in the market under the PROCORE or PROCORE EQUIPMENT marks. Counsel for Foremost stated that if Foremost did not receive a suitable response by May 14, 2018, Foremost will seek to enforce its legal rights including, but not limited to, opposing the PROCORE Applications.

25. TriMark's PROCORE and PROCORE EQUIPMENT marks are virtually identical to Foremost's CORE PRO COOKING mark, simply transposing the most prominent portion of Foremost's trademark, the words "CORE PRO," which in connection with food service equipment has come to exclusively identify Foremost.

26. Without the consent, authorization or approval of Foremost, TriMark is using its PROCORE mark in advertisements.

27. Foremost is informed and believes, and thereon alleges, that TriMark's use of the infringing PROCORE and PROCORE EQUIPMENT marks (the "Infringing Marks") in the food service equipment market substantially overlaps with Foremost's target audience and leads consumers and distributors to erroneously believe that products containing the Infringing Marks are affiliated with, or sponsored by, Foremost.

28. Foremost is informed and believes, and thereon alleges, that TriMark, with constructive and/or actual notice of Foremost's ownership of the federally registered CORE PRO COOKING mark, continuously from in or about April 2018, through and including the present, intentionally and wrongfully advertised, distributed and/or sold food service equipment in interstate commerce in the United States using the Infringing Marks.

29. Foremost is informed and believes, and thereon alleges, that TriMark's use of the Infringing Marks is willful and calculated to deceive and cause confusion among potential purchasers of food service equipment.

30. Foremost is informed and believes, and thereon alleges, that TriMark has engaged in its infringing conduct with a willful and deliberate intent to cause confusion among the purchasing public and to trade on the goodwill symbolized by Foremost's CORE PRO COOKING trademark.

31. As a result of the actions described above, Foremost has been damaged and is at risk of losing substantial business. Given that Foremost only started using the CORE PRO COOKING mark relatively recently, the risk that Foremost's products will be confused with TriMark's products is particularly acute. The harm to Foremost's business cannot be adequately redressed by damages, because Foremost's business reputation and the continuing value of the Foremost brand and the CORE PRO COOKING mark are jeopardized by TriMark's acts. Further, injury to Foremost's reputation will continue to accrue unless and until TriMark is enjoined from using the Infringing Mark and interfering with Foremost's business relationships.

## COUNT I
### (Trademark Infringement)

32. Foremost repeats and realleges each and every previous allegation as if fully set forth herein.

33. Foremost offers for sale and sells food service equipment under its registered trademark CORE PRO COOKING.

34. TriMark's PROCORE and PROCORE EQUIPMENT line of food service equipment competes with Foremost's food service equipment products.

35. TriMark's use of the PROCORE and PROCORE EQUIPMENT marks was and is without Foremost's consent.

36. TriMark willfully and knowingly, without justification, and without privilege, sells, offers for sale and/or distributes goods using the PROCORE and PROCORE EQUIPMENT marks. As such, TriMark's use of the PROCORE and PROCORE EQUIPMENT marks causes and/or is likely to cause confusion, mistake or deception among purchasers with Foremost's CORE PRO COOKING marks.

37. TriMark intentionally used the PROCORE and PROCORE EQUIPMENT marks, knowing the marks were confusing when used in connection with the sale, offering for sale, and distribution of food service equipment by TriMark.

38. TriMark used the PROCORE and PROCORE EQUIPMENT marks in connection with the sale, offering for sale, and distribution of food service equipment for the purpose of enhancing the commercial value of its business and/or selling and/or soliciting the purchase of its products.

39. TriMark, in connection with the advertisement and/or promotion of its food service equipment, by use of the PROCORE and PROCORE EQUIPMENT marks, made false or misleading representations of fact about the origin and sponsorship of its products. Those advertisements and/or promotions deceived or tended to deceive a substantial segment of their audience, and the deception was material. TriMark's statements appear in commercial advertising and promotion, and Foremost has been and/or is likely to be injured as a result of the advertising.

40. TriMark's conduct has violated the Lanham Act and has damaged Foremost, including exposing Foremost to liability, injury to Foremost's business reputation and goodwill, and/or dilution of the distinctive quality of Foremost's federally registered trademark as a result of

TriMark's infringement. Due to TriMark's infringement, Foremost is entitled to a treble damage award pursuant to law.

41. In addition, Foremost is entitled to a monetary award in the amount of TriMark's profits due to TriMark's unjust enrichment as a result of TriMark's conduct and TriMark should be ordered to account for those profits to Foremost.

42. Alternatively, Foremost is entitled to statutory damages against TriMark. Because TriMark's use of the PROCORE and PROCORE EQUIPMENT marks was willful, pursuant to statute, penalties should be assessed against TriMark.

43. In addition, Foremost is entitled to a monetary award to advertise to correct any misconceptions caused by TriMark's infringement.

44. In addition, Foremost is entitled to its attorneys' fees and costs in accordance with law.

45. In addition, Foremost is entitled to an injunction barring TriMark from importing products bearing the PROCORE and PROCORE EQUIPMENT marks, pursuant to Lanham Act § 42; 15 U.S.C. § 1124.

46. In addition, Foremost requests appropriate injunctive relief such as restraining TriMark, its agents, servants, and employees, and all persons acting under, in concert with, or for them, from using the PROCORE and PROCORE EQUIPMENT marks, or any mark that is confusingly similar to the CORE PRO COOKING mark, in connection with the sale, offering for sale, and/or distribution of food service equipment products in the United States. Additionally, Foremost requests other appropriate relief, such as destruction of the infringing articles sold by TriMark and all labels, literature, and advertising bearing the PROCORE and PROCORE

EQUIPMENT marks, and further and necessary orders and relief from this Court in order to deter TriMark's conduct in the future.

## COUNT II
### (Unfair Competition)

47. Foremost repeats and realleges each and every previous allegation as if fully set forth herein.

48. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits unfair competition, including false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, mistake or deception.

49. Delaware and common law also prohibit unlawful, unfair or fraudulent business practices.

50. TriMark has engaged, and continues to engage, in unlawful and/or unfair business practices in violation of the Lanham Act, Delaware law and common law as described in this Complaint, including, but not limited to:

   a. Intentionally, systematically, unlawfully, and unfairly using the Infringing Marks confusingly similar to Foremost's federally registered CORE PRO COOKING trademark after it has become exclusively identified with Foremost's products;

   b. Offering, selling, distributing and/or advertising food service equipment using the virtually identical PROCORE and PROCORE EQUIPMENT marks in a way likely to cause public confusion; and

   c. False advertising by the use of false or misleading statements which TriMark knew or should have known were untrue and/or misleading.

51. The illegal, unlawful and unfair conduct of TriMark is in violation of the law.

52. TriMark's use of the PROCORE and/or PROCORE EQUIPMENT marks constitutes a false designation of origin, false or misleading description of fact and false or misleading representation of fact that TriMark's goods originate with, are sponsored by or

- 12 -

approved by Foremost, or that TriMark and its goods are affiliated with, connected to, or associated with Foremost.

53. The acts of TriMark alleged herein were done in the course of business, and for a business purpose. As a proximate result of these unfair, unlawful and deceptive business practices, the public has been and continues to be deceived. Foremost is entitled injunctive relief restraining TriMark, its agents, servants, and employees, and all persons acting under, in concert with, or for them, from committing or continuing any of the unfair, unlawful or deceptive business practices alleged herein, or any other business practice which unfairly harms Foremost, or which is likely to confuse or deceive the public.

54. As a further and direct result of TriMark's unfair, unlawful and deceptive business practices, Foremost has suffered economic damages, which continue to accrue by the continuance of such wrongful conduct, and Foremost is therefore entitled to an award of compensatory damages according to proof.

55. TriMark has also been unjustly enriched by profits derived from sales attributable to infringement of the CORE PRO COOKING trademark. TriMark should be ordered to account for such profits and pay them over to Foremost.

56. The aforementioned conduct of trademark infringement and unfair competition by TriMark was oppressive and malicious, and done in conscious disregard of the rights of Foremost, entitling Foremost to an award of exemplary and punitive damages for such conduct, as allowed by law.

57.     No complete remedy exists at law for the injuries suffered by Foremost herein insofar as further irreparable harm will result to Foremost from TriMark's continued or future violation of absent injunctive relief.  Therefore, Foremost requests appropriate injunctive relief.

## COUNT III
### (Dilution under Delaware Law)

58.     Foremost repeats and realleges each and every previous allegation as if fully set forth herein.

59.     TriMark's unauthorized use of the PROCORE and PROCORE EQUIPMENT marks is likely to injure Foremost's business reputation, and has diluted, and/or is likely to dilute, the distinctive quality of the CORE PRO COOKING mark in violation of the Delaware Trademark Act, 6 Del. C. § 3313.

60.     TriMark intended to trade on Foremost's reputation and to dilute the Foremost trademark, acted with reason to know, or was willfully blind as to the consequences of its actions.

61.     TriMark's wrongful acts have caused and will continue to cause Foremost irreparable harm.  Foremost has no adequate remedy at law for TriMark's violations.

62.     Foremost is therefore entitled to a judgment enjoining and restraining TriMark from engaging in further acts of injury to business reputation or dilution.

## COUNT IV
### (Deceptive Trade Practices under Delaware Law)

63.     Foremost repeats and realleges each and every previous allegation as if fully set forth herein.

64.     TriMark's actions, as described above, constitute deceptive trade practices under Delaware's Deceptive Trade Practices Act because such actions, *inter alia*, constitute a passing off of TriMark's goods and services as those of Foremost, create a likelihood of confusion or

misunderstanding as to the source, sponsorship, approval or certification of TriMark's goods and services, and create a likelihood of confusion or misunderstanding as to TriMark's affiliation, connection or association with or certification by Foremost, in violation of 6 Del. C. § 2532. TriMark knew or should have known, and knows or should know, that its conduct was and is of the nature enumerated in this paragraph and prohibited by 6 Del. C. § 2532.

65. TriMark's actions have caused and are causing irreparable harm to Foremost, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

66. TriMark's willful and deceptive trade practices entitle Foremost to recover treble the amount of any actual damages awarded for the same conduct under Delaware common law, as well as reasonable attorneys' fees.

67. Foremost is entitled to preliminary and permanent injunctive relief under 6 Del. C. § 2533 to prevent TriMark's continuing deceptive trade practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Foremost prays for judgment against TriMark as follows:

a. For an accounting by TriMark of all profits obtained from the sale of infringing goods, and for payment of the same to Foremost;

b. Statutory penalties under the Lanham Act, including treble damages;

c. Money damages, including but not limited to compensation adequate to pay Foremost the cost of advertising reasonably necessary to correct public confusion caused by TriMark's infringement;

d. Injunctive relief restraining TriMark, its agents, servants, and employees, and all persons acting under, in concert with, or for them, from using the PROCORE and

PROCORE EQUIPMENT marks in connection with the importation, offer, sale, distribution and/or advertising of food service equipment;

  e. Destruction of the infringing articles manufactured by TriMark and all labels, packaging, literature, and advertising infringing on the CORE PRO COOKING mark;

  f. Entering an Order under 15 U.S.C. § 1119 that the Commissioner of Trademarks of the United States Patent and Trademark Office be precluded from registering any trademark to TriMark including the term "PROCORE" or any similar term and cancelling any such registrations, including, but not limited to, any registrations resulting from United States Trademark Applications, Serial Nos. 87475212 and 87853699;

  g. Compensatory damages for TriMark's trademark infringement according to proof;

  h. Exemplary and punitive damages for unfair, unlawful and deceptive business practices as allowed by law;

  i. Other appropriate equitable relief, including the imposition of affirmative duties upon TriMark, which are reasonably necessary to protect Foremost's CORE PRO COOKING mark, now and in the future;

  j. For prejudgment interest according to law;

  k. Attorneys' fees as allowed by law;

  l. For Foremost's costs incurred in this action; and

  m. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Foremost demands a jury trial for all issues so triable.

Dated:  May 31, 2018

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: */s/ Francis DiGiovanni*
    Francis DiGiovanni (#3189)
    222 Delaware Ave., Ste. 1410
    Wilmington, Delaware 19801-1621
    (302) 467-4200
    francis.digiovanni@dbr.com

*Attorneys for Foremost Groups, Inc.*

Of Counsel:

Robert E. Cannuscio
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
(215) 988-2700
robert.cannuscio@dbr.com